Matter of Arden Heights-Blvd. Jewish Ctr. v Berman (2023 NY Slip Op 01087)

Matter of Arden Heights-Blvd. Jewish Ctr. v Berman

2023 NY Slip Op 01087

Decided on March 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
JANICE A. TAYLOR, JJ.

2020-05630
 (Index No. 85073/20)

[*1]In the Matter of Arden Heights-Boulevard Jewish Center, et al., respondents. 
v
Myron Berman, et al., appellants.

Scamardella, Gervasi, Thomson & Kasegrande, P.C., Staten Island, NY (Michael V. Gervasi of counsel), for appellants.
Michael T. Sucher, Brooklyn, NY (Andrew M. Shabasson of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to Religious Corporations Law §§ 13 and 208 to approve the merger of Arden Heights-Boulevard Jewish Center and Congregation Ahavath Israel, the objectants appeal from an amended order of the Supreme Court, Richmond County (Ralph J. Porzio, J.), dated July 10, 2020. The amended order granted the petitions for approval of the merger of Arden Heights-Boulevard Jewish Center and Congregation Ahavath Israel.
ORDERED that the amended order is affirmed, with costs.
Arden Heights-Boulevard Jewish Center (hereinafter AHBJC) and Congregation Ahavath Israel (hereinafter CAI) are two separate religious corporations of the Jewish faith which were incorporated pursuant to article 10 of the Religious Corporations Law. In 2019, AHBJC and CAI entered into an agreement, conditioned upon court approval, to merge their respective religious corporations and congregations. More than two-thirds of the members of each religious corporation voted to approve the merger, and four members of CAI (hereinafter the objectants) voted in opposition. Thereafter, AHBJC and CAI commenced this proceeding pursuant to Religious Corporations Law §§ 13 and 208 to approve the merger between them. The objectants opposed. By amended order dated July 10, 2020, the Supreme Court granted the petitions and approved the merger. The objectants appeal.
Religious Corporations Law § 13 provides that "[t]wo or more incorporated churches may enter into an agreement, under their respective corporate seals, for the consolidation or merger of such corporations." Religious Corporations Law § 208 sets forth the procedures for mergers between religious corporations of the Jewish faith. Those procedures were followed in the present case (see id.). Contrary to the objectants' contention, AHBJC and CAI were not required to satisfy the additional requirements of Not-for-Profit Corporation Law §§ 902, 903 and 907-a. Because the merging entities here were two religious corporations incorporated pursuant to the Religious Corporations Law, and not a religious corporation merging with a not-for-profit corporation formed for religious purposes, the requirements of Not-for-Profit Corporation Law §§ 902, 903 and 907-a were inapplicable (see id. § 910; Religious Corporations Law § 2-b[1][c]; cf. Mtge. Elec. [*2]Registration Sys., Inc. v Congregation Shoneh Halochos, 189 AD3d 820).
The objectants' remaining contentions are without merit.
IANNACCI, J.P., CHAMBERS, MALTESE and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court